UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 5: 09-79-DCR |
| V. | ) ) ) | |
| ANTWAN LAMONT BATES, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Antwan Lamont Bates' motion for reduction of his sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). [Record No. 70] Bates is currently serving a term of imprisonment of 96 months following his admission that he possessed cocaine base with the intent to distribute it. [Record No. 46] When arrested, his home contained approximately 147.31 grams of cocaine base and 149.8 grams of powder cocaine, as well as a substantial amount of cash. [Record No. 45, p. 2, ¶ 3] Bates admitted to converting powder cocaine to crack cocaine for distribution.

Bates was subject to a mandatory minimum term of incarceration of 240 months. However, based on a motion filed by the United States under U.S.S.G. § 5K1.1, the Court was able to impose a sentence below the statutory minimum. In fact, as a result of several factors, Bates was given a substantial reduction below the 240 months that would have

otherwise applied to his sentence. After reviewing Bates' motion and the record of this proceeding, the undersigned finds that a reduction of his sentence is unwarranted.[1]

In the Presentence Investigation Report ("PSR"), the probation office calculated a Base Offense Level of 30, which resulted in a Total Offense Level of 27 following a three level reduction for acceptance of responsibility. However, during the sentencing hearing, the Honorable Jennifer B. Coffman[2] adopted a 1 to 1 ratio of crack to powder cocaine, which resulted in a lower Total Offense Level of 19. [Record No. 49, pp. 6–7] At the time of sentencing (July 10, 2010), a Total Offense Level of 19 and a Criminal History Category of VI resulted in a non-binding guideline range of 63 to 78 months. [Record No. 49, p. 13] Bates was sentenced above this guideline range due to the severity of his offense and the need for deterrence. In the final analysis, Judge Coffman believed that a sentence above the range she calculated was sufficient but not greater than necessary to meet the statutory factors outlined in 18 U.S.C. § 3553(a). While the undersigned might disagree with Judge Coffman's crack-to-powder recalculation, a reduction from the ultimate sentence would be misguided.

---

1  Although not requested, the Court finds that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

2  Because Judge Coffman has since retired, this matter was transferred by random draw to the undersigned for consideration of Bates' motion. [*See* Record No. 69.]

This Court must determine whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. The Court considers the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance or responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by Bates. *See* 18 U.S.C. §§ 3553, 3582. After evaluating all relevant statutory factors, the Court concludes that any reduction to Bates' term of imprisonment would be inappropriate.

Bates was guilty of distributing a significant amount of cocaine. The Court is mindful that, but for the government's motion under U.S.S.G. § 5K1.1, Bates would have been sentenced to a mandatory minimum term of imprisonment of 240 months. Further, based on his criminal history, Bates was has been undeterred by the threat of lengthy prison sentences through the state court system. Bates had previously been sentenced to a ten-year term before the offense in this case. [Record No. 49, pp. 22–23] A 96 month sentence, which was above the guideline range calculated by the sentencing court, was - and is - appropriate under the circumstances. The subsequent amendment to the drug tables does not alter this analysis and conclusion. Again, the Court has considered the severity of Bates' criminal conduct, his considerable criminal history, as well as the remaining relevant factors under §3553, and finds that a reduced sentence is unwarranted. A lesser term of incarceration would not serve the goals of sufficient general or specific deterrence. Accordingly, it is hereby

**ORDERED** that Defendant Antwan Lamont Bates' motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) [Record No. 70] is **DENIED.**

This 26th day of November, 2014.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge